DETERMINED IN THE

# COURT OF ERRORS AND APPEALS

OF THE

## STATE OF NEW JERSEY

MARCH TERM, 1920.

---

EDWARD BIRTWISTLE, APPELLANT, v. PUBLIC SERVICE
RAILWAY COMPANY, A CORPORATION, RESPONDENT.

Argued March 3, 1920—Decided November 26, 1920.

1. An assignment of error upon the opinion of the court below is
   not allowable.
2. The opinion of an expert witness may be adduced by a hypo-
   thetical question which assumes the facts in accordance with the
   theory of the party propounding it, and which the evidence tends
   to prove.
3. The trial court repeatedly charged the jury that the plaintiff
   could not recover unless the defendant was negligent; and then,
   in response to a request, instructed the jury that if they found
   the plaintiff was not negligent he could recover, without, at the
   same time, instructing them that the defendant also would have
   to be negligent to warrant such recovery; whether this amounts
   to an expression in a charge which is to be interpreted by the
   context and the whole charge and is therefore not erroneous, or
   is an erroneous instruction not cured by a correct one unless the
   illegal one is withdrawn, *quære.*

---

On appeal from the Supreme Court, in which the following
*per curiam* was filed:

"The appeals from the judgments in favor of Francis Birtwistle and Minnie Birtwistle were not argued, and must therefore be considered as abandoned. These judgments are affirmed.

"The only error in the case of Edward Birtwistle that need be considered is the refusal to strike out the testimony of Dr. Rathgeber that the pneumonia was the result of the accident. The doctor testified that he did not come into the case to treat the plaintiff until a month after he had received his injuries; that his knowledge of the kind of accident that had happened was derived from what the plaintiff's wife told him; that his knowledge of the time after the accident when the pneumonia developed was derived from hospital doctors, who were very intimate friends of his and would keep him posted as to the progress of the case; that this information from the wife and the doctors was part of the information on which he based his opinion. The doctor's testimony as to the causal connection between the accident and the pneumonia was not elicited in answer to a hypothetical question embodying the facts, but was merely that the pneumonia set in four or five days after the injury and was caused by the injury. Neither Mrs. Birtwistle nor the hospital doctors were produced as witnesses. Obviously, Dr. Rathgeber's opinion as to the cause of the pneumonia has no substantial foundation, but rests on pure hearsay. If the statements of Mrs. Birtwistle and the hospital doctors were the basis of Dr. Rathgeber's opinion, they should have been produced as witnesses and subjected to cross-examination. The cause of the pneumonia was an important part of the plaintiff's case on the amount of damages, and the error was therefore prejudicial. The judgment in favor of Edward Birtwistle must be reversed, to the end that there may be a *venire de novo*."

For the appellant, *William P. Murphy.*

For the respondent, *Lefferts S. Hoffman, Joseph Coult, Jr.,* and *Leonard F. Tynan.*

The opinion of the court was delivered by

WALKER, CHANCELLOR. This suit was brought in the Essex Circuit Court to recover damages arising out of an accident which occurred in Newark. Plaintiff was driving with his three children in an automobile on Broad street, where a trolley car collided with it, inflicting injuries upon him and two of his children. On the trial verdicts were awarded to the three plaintiffs and judgment was entered thereon. Appeal was taken from the Circuit to the Supreme Court, but so far as it related to the judgment in favor of the children was abandoned, and the judgment, as to them, was affirmed.

Defendant appealed from the Circuit to the Supreme Court on the following grounds: 1. That the trial court erred in charging the jury concerning negligence in the conduct of the adult plaintiff. 2. That the court erred in refusing to strike out the testimony of Dr. Rathgeber that an attack of pneumonia suffered by the plaintiff after the accident was the result of his injuries.

The Supreme Court in its *per curiam* opinion stated that the only error in the case of Edward Birtwistle that need be considered was the refusal to strike out the testimony of Dr. Rathgeber that the pneumonia was the result of the accident, reversed the judgment of the Circuit Court as to Edward Birtwistle and left the question of the alleged improper charge undecided. Judgment·of reversal being entered in the Supreme Court plaintiff, Edward Birtwistle, appeals to this court on two grounds, namely—1. Because the Supreme Court erred in holding that the testimony of Dr. Rathgeber that the pneumonia was the result of the accident should be stricken out. 2. Because the Supreme Court erred in reversing the judgment of the Circuit Court in favor of Edward S. Birtwistle. The second ground is correctly laid, and any reversible error made by the trial court which was before the Supreme Court is arguable here if properly raised in the record of the trial court. *State* v. *Metzler, post p.* 418. And it is the only proper assignment of error. *State* v. *Verona,* 93 *N. J. L.* 389. The first ground for reversal laid in this court is, in effect, an assignment of error upon the

opinion of the Supreme Court, which is not allowable. *Mc-Carty* v. *West Hoboken, Id.* 247.

It is obvious that the plaintiff might have elicited Dr. Rathgeber's opinion as an expert if he had had put to him a hypothetical question which assumed the facts in accordance with the theory of the plaintiff, and which the evidence tended to prove (*Daggett* v. *North Jersey Street Railway Co.,* 75 *N. J. L.* 630); and the Supreme Court's reversal, upon the ground that the doctor's testimony was based upon hearsay and not a hypothetical question, is correct, and the judgment under review should therefore be affirmed. But, as this will send the case down for a new trial, we think attention should be called to the other question raised and argued, namely, that there was error in the charge of the court. This grows out of the fifth request, which was this: "If you find that the plaintiff, Edward Birtwistle, was not negligent, and that he suffered a disability as a result of this accident, you should award him such compensation for the loss of his earning capacity as will reasonably compensate him for his loss, and this irrespective of whether any definite income has been proven or not." The court denied that, and, as far as pertinent to the present inquiry, charged this: "If you find that the plaintiff, Edward Birtwistle, was not negligent, and that he suffered a disability as a result of this accident, you should award him such compensation for the loss of his earning capacity as has been proven to be compensation for his loss, and this irrespective of whether any definite income has been proven or not."

The plaintiff-appellant states with force that upon an examination of the whole charge it is shown by frequent expressions that the jury was instructed that if the defendant was not negligent in the operation of its car, the plaintiff could not recover, and points out that the court said: "If the motorman was not negligent, if you acquit him of negligence which was a cause of the injury, then, of course, your verdict should be in favor of the defendant company." Again: "If you find that the motorman was negligent in the operation of the trolley car, and that such negligence was a cause of the accident; and that the plaintiff who was driving the automobile was not

guilty of negligence which was a cause of the accident, then you should return verdicts in favor of the plaintiffs." And again: "The first question in this case is whether the motorman of the trolley car was negligent in operating his car so that some negligence of his was a cause of the collision"—and urges that in view of these numerous expressions to the jury as to the necessity of the plaintiff establishing the negligence of the defendant company, and the absence of negligence on the plaintiff's part before he could recover, it would seem that the error complained of was not prejudicial.

Whether this amounts to an expression in a charge which is to be interpreted by the context and the whole charge, as in *Redhing* v. *Central Railroad Co.,* 68 *N. J. L.* 641, and is therefore not erroneous, or is an erroneous instruction not cured by a correct one unless the illegal one is withdrawn, as in *Collins* v. *Central Railroad Co.,* 90 *Id.* 593, is not decided, because we have reached an affirmance upon the ground on which the Supreme Court based its judgment; but, as stated above, as the case is to be retried, we desire pointedly to call the attention of counsel to the importance of this question.

*For affirmance*—THE CHANCELLOR, PARKER, BERGEN, MINTURN, KALISCH, BLACK, WHITE, WILLIAMS, GARDNER, JJ. 9.

*For reversal*—None.